■ BRIAN LUONGO, Respondent, v CITY OF NEW YORK, Appellant. [899 NYS2d 235]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered March 17, 2009, which granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff was injured while bracing a hydraulic jack that was being used to lift a steel girder beneath an elevated subway line. He braced the base of the jack because it kept falling over, partly, according to plaintiff, because of the uneven surface and because the girder was simply too heavy for the type of jack that was being used. In order to give the jack more height, steel shim plates were placed on top of it as "spacers." Plaintiff held the spacers by hand because they too kept falling off. The procedure was described during plaintiff's examination before trial as holding

the jack in place while another employee jacked it up and made contact with a "C channel [which bent under pressure]" that was positioned under the steel girder. Defendant's counsel then asked "was it the intention then to have the jack . . . elevate the C channel and the girder, right?" Before plaintiff answered, his counsel asked him, "Is that correct, did you then lift the girder?," to which plaintiff responded, "Yes, that's correct." Later on, when asked how high he was told to raise the girder, plaintiff responded, "I think it needed to be another inch, but I'm not sure." Plaintiff was injured when the jack "jumped and then the steel fell down," causing the spacers to either shift or fall, injuring plaintiff's left hand. According to plaintiff, the "unleveled" surface combined with the spacers and the twisted C channel made the jack "get off contact."

Plaintiff's repair-related activity (see *Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]) and injury fell within the ambit of Labor Law § 240 (1) inasmuch as the enormous weight of the steel girder caused the jack and plates to fall or shift "while being . . . secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Outar v City of New York*, 286 AD2d 671, 672 [2001], *affd* 5 NY3d 731 [2005] [Labor Law § 240 (1) liability found where unsecured dolly fell from a "bench wall" that was merely 5½ feet high]). Significantly, unlike *Narducci*, where there was no section 240 (1) liability because the object that fell (a window) was part of the "pre-existing building structure as it appeared before work began" and was "not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected" (*Narducci* at 268), here the opposite is true. Both the jack and the 12-inch-by-12¾-inch-thick metal plates that came into contact with plaintiff's hand were not part of the "pre-existing structure" and clearly needed to be secured. Rather than having plaintiff use a securing device of the kind contemplated by the statute, however, the jack and the spacers were secured by plaintiff himself. Indeed, the spacers were not even tacked or welded together as required by the Transit Authority's written specifications.

The fact that the girder, jack and the spacers were not positioned significantly above plaintiff's head is of no moment (*id.*). As the Court noted in *Runner v New York Stock Exch., Inc.* (13 NY3d 599 [2009]), " 'Labor Law § 240 (1) was designed to prevent those types of accidents in which the . . . protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity*

*to an object or person' "* (*id.* at 604, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see also Outar v City of New York*, 5 NY3d 731 [2005]). Thus, Labor Law § 240 (1) liability was found in *Runner* where the injury was caused by the force of an object that was positioned at a lower elevation than the employee; the employee was pulled forward by the heavy reel of wire he was lowering down a flight of stairs. Here, plaintiff was injured as a direct result of the gravitational force of the improperly secured girder, jack and spacers and the absence of a securing device. Rather than using plaintiff as the securing device contemplated by the statute, he should have been provided with one instead. The situation was particularly egregious here because prior to the accident the jack had failed several times. Supreme Court, therefore, properly granted plaintiff summary judgment on his Labor Law § 240 (1) claim. Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.