*498 Order, Supreme Court, New York County (Louis B. York, J.), entered May 7, 2009, which denied plaintiffs motion for partial summary judgment on his Labor Law § 240 (1) claim, modified, on the law, defendant, upon search of the record, granted summary judgment dismissing this claim, and otherwise affirmed, without costs.
Plaintiff was injured when he stepped on a three-step “staircase” in order to descend from the basement floor three feet into a “pit” containing the refrigeration unit he was to work on, and the middle step, which was 18 inches above the floor, broke. The court denied plaintiffs motion, finding an issue of fact as to whether this staircase was the functional equivalent of “other devices” within the meaning of Labor Law § 240 (1), as opposed to a permanent structure not designed as a safety device against elevation-related risks (see Griffin v New York City Tr. Auth., 16 AD3d 202, 203 [2005]), and if the latter, whether the collapse of the step was a foreseeable risk of the task plaintiff was performing (see Jones v 414 Equities LLC, 57 AD3d 65, 79-80 [2008]).
We grant summary judgment to defendant on the ground that the three-foot stairway, which had been in place since the late 1990’s until plaintiffs accident on October 22, 2003, was neither a safety device nor a temporary stairway to protect a worker from an elevation-related risk within the meaning of the statute. The middle step was not of sufficient height to trigger the protection of section 240 (1), nor was plaintiff exposed to the type of extraordinary risk for which the statute was designed (see Toefer v Long Is. R.R., 4 NY3d 399 [2005] [holding that a four-to-five-foot descent or fall from a flatbed truck was not an elevation-related risk that triggers section 240 (1) coverage because safety devices of the kind listed in the statute are normally associated with more dangerous activity]; see also Torkel v NYU Hosps. Ctr., 63 AD3d 587 [2009]; DeStefano v Amtad N.Y., 269 AD2d 229 [2000]; and DeMayo v 1000 N. of N.Y. Co., 246 AD2d 506 [1998] [which hold that modest height differentials do not give rise to section 240 (1) liability]).
The dissent reads Runner v New York Stock Exch., Inc. (13 NY3d 599 [2009]) too broadly. That case focused on the failure to use safety devices of the kind enumerated in the statute, namely, a pulley or a hoist, in lowering an 800-pound reel of wire down a flight of stairs. The harm flowed directly from the force of gravity. Here, the harm was caused by the breaking of a *499 step on a stairway that had been in place for many years and not by a gravitational force. The minor elevation did not call for any of the safety devices enumerated in the statute. Concur— Friedman, J.E, Nardelli, Freedman, JJ.
Moskowitz and Manzanet-Daniels, JJ., dissent in a memorandum by Moskowitz, J. as follows: The grant of summary judgment to defendant is without basis. Rather, a reversal to grant summary judgment to plaintiff is warranted. Therefore, I dissent.
Plaintiff, a metal trade journeyman, was repairing an air conditioning system in the pit area of a building in lower Manhattan. He fell and was injured when the middle step of a three-step wooden staircase broke. There is no dispute that plaintiff was performing repair work falling within the ambit of Labor Law § 240 (1).
The majority rules against the plaintiff for three reasons. First, it finds that the staircase was neither a safety device nor a temporary stairway used to protect a worker from an elevation-related risk. Second, the majority holds that plaintiff was not engaged in the type of activity that the statute was designed to prevent because he was walking toward the refrigeration unit. Finally, the majority finds that the middle step, being only 18 inches above the pit, was not sufficiently elevated to trigger the protection of section 240 (1).
The majority is simply incorrect to hold that because the staircase had been in place for several years, section 240 (1) did not apply to it (see Jones v 414 Equities LLC, 57 AD3d 65, 78 [2008] [criticizing as “based on an erroneous premise” the rule that collapse of a permanent structure cannot give rise to statutory liability]; see also Espinosa v Azure Holdings II, LP, 58 AD3d 287, 291 [2008]; Ciraolo v Melville Ct. Assoc., 221 AD2d 582, 583 [1995] [“that the ladder from which the plaintiff fell was permanently installed, rather than a temporary apparatus, is irrelevant”]).
Equally irrelevant is that plaintiff had not actually arrived at the refrigeration unit when he became injured (see Oprea v New York City Hous. Auth., 226 AD2d 310, 311 [1996] [“that the accident occurred while plaintiff was accessing the worksite as opposed to actually working on the ladder, does not preclude application of the statute”]).
Finally, that plaintiff fell only 18 inches is not relevant. “Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity *500 to an object or person” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). The question thus is whether the harm flows directly “from the application of the force of gravity” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). What is important is whether the injury was a direct consequence of defendant’s failure to provide and place the necessary safety devices the statute mandates under the circumstances (see Thompson v St. Charles Condominiums, 303 AD2d 152, 154 [2003], lv dismissed 100 NY2d 556 [2003]). Indeed, in Runner, there was liability even though the object causing the injury was at a lower elevation than the employee (see also Luongo v City of New York, 72 AD3d 609, 610 [2010] [“that the girder, jack and the spacers were not positioned significantly above plaintiffs head is of no moment”]).
Here, it is undisputed that the harm to plaintiff was the direct consequence of the application of gravity to his body stepping on a weakened stair. Worn out stairs were certainly a risk against which defendant, being in control of the property, should have guarded. That the steps may have been part of the permanent structure rather than a temporary apparatus is irrelevant because it is beyond dispute that the steps provided the most efficient means of access to the pit. Moreover, as shown, the argument that the accident did not occur at the refrigeration unit is wholly without merit.
In Runner, the Court of Appeals noted that we have historically read section 240 (1) too narrowly: “The breadth of the statute’s protection has . . . been construed to be less wide than its text would indicate” (13 NY3d at 603). The majority’s reading flies in the face of this admonition. Accordingly, I would grant summary judgment to plaintiff.