■ TOWER INSURANCE COMPANY OF NEW YORK, Respondent, v CAMILLE KHAN et al., Appellants. [941 NYS2d 560]—

Order and judgment (one paper), Supreme Court, New York County (Joan M. Kenney, J.), entered September 9, 2011, which granted plaintiff's motion for summary judgment declaring that it was not obligated to defend or provide coverage to its insured, defendant Camille Khan, in the underlying personal injury against her brought by defendant Jose Reyes, and denied the cross motion of Reyes for summary judgment declaring that plaintiff has a duty to defend and indemnify Khan in the underlying action, unanimously affirmed, without costs.

Plaintiff established its entitlement to summary judgment declaring that it had no obligation to defend Khan under the

terms of the policy based on her misrepresentation in the application process. The policy was for a one- or two-family primary residence. However, Khan acknowledged that she did not use the covered premises as her primary residence. Moreover, plaintiff's underwriting guidelines make clear that it will not insure certain risks, such as where there is construction or renovation on the premises or a commercial use of the premises.

Here, Khan was renovating the property to include one or two apartments on the top floor, and commercial space on the first floor and in the basement. The failure to disclose that the use of the premises was outside of the scope of the policy was a material misrepresentation in the application for the policy, warranting a disclaimer of coverage for the injuries sustained by Reyes while working on the renovation. The fact that Khan's admission was contained in an unsigned deposition transcript does not preclude its use as an admission against her interest (*see Morchik v Trinity School*, 257 AD2d 534, 536 [1999]).

Moreover, plaintiff's disclaimer of coverage was not untimely as it came 17 days after it had obtained and confirmed all the facts warranting the disclaimer of coverage (*see Wausau Bus. Ins. Co. v 3280 Broadway Realty Co. LLC*, 47 AD3d 549 [2008]). Nor should plaintiff be estopped from disclaiming coverage based on its undertaking to defend Khan, while preserving its defense under the policy, until the facts warranting disclaimer became clear. The question of the propriety of plaintiff providing coverage is separate and distinct from the question of the insured's liability in the underlying action (*see Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401 n [1981]).

We have considered defendants' remaining arguments, including that plaintiff's motion was premature and that further discovery was necessary, and find them unavailing. Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32249(U).]**