■ In the Matter of AIU INSURANCE COMPANY, Respondent, v JOSE M. VERAS, Respondent, STATE FARM FIRE AND CASUALTY COMPANY, Additional Respondent-Appellant, and MAHLIK RICHARD et al., Additional Respondents. [942 NYS2d 532]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered August 3, 2011, which, following a framed issue hearing, granted the petition to stay uninsured motorist arbitration between petitioner and respondent Veras, and directed that additional respondent State Farm Fire and Casualty Company provide Veras with coverage for his underlying claim, unanimously affirmed, with costs.

On June 4, 2005, respondent Veras and additional respondent Richard, who was driving a vehicle owned by additional respondent Wynder-Ortiz and insured by State Farm, were involved in an automobile accident. State Farm was not notified and did not learn of the accident from its insured. Nearly four years later, it learned of the accident from Veras, who served it with the judgment entered in his favor in the action he had commenced against Richard and Wynder-Ortiz. Although it completed its internal investigation and prepared letters of disclaimer within two weeks, State Farm waited another 15 days before sending out the letters. It was not error for the court to find this largely unexplained delay unreasonable (*see* Insurance Law § 3420 [d]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003];

*Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 42-43 [2002]; *see also George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104 [2012]).

We reject State Farm's argument that the delay was due to its investigation of other possible grounds for disclaiming. State Farm's witness testified that the investigation was completed in two weeks. In any event, however, "just as we would not permit the insured to delay giving the insurer notice of claim while investigating other possible sources of coverage, we should not permit the insurer to delay issuing a disclaimer on a known ground while investigating other possible grounds for avoiding liability" (*George Campbell Painting*, 92 AD3d at 115).

We have considered State Farm's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ.