■ Tower Insurance Company of New York, Respondent, v United Founders Ltd., Appellant, et al., Defendants. [5 NYS3d 396]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about October 25, 2013, which granted plaintiff Tower Insurance Company of New York's motion for summary judgment declaring that Tower had no duty to defend or indemnify defendant United Founders Ltd. in the underlying action, and denied United's cross motion for summary judgment, unanimously affirmed, with costs.

Even if the demolition of interior partitions in this case was incidental to covered operations and therefore covered (*see Central Synagogue v Hermitage Ins. Co.*, 36 AD3d 742, 743-744 [2d Dept 2007]), it is undisputed that the work out of which the claim arose was performed by Apple City, an independent contractor (*see Tower Ins. Co. of N.Y. v BCS Constr. Servs. Corp.*, 118 AD3d 527, 529-530 [1st Dept 2014]). United's contention that Tower cannot rely on the "Independent Contractor Exclusion" in its policy, as its disclaimer was untimely, is unavailing.

There is no bright line test for the timeliness of a disclaimer, as the purpose of Insurance Law § 3420 (d) is to protect the insured and other interested parties from being prejudiced by a belated denial of coverage, and it "was not intended to be a technical trap that would allow interested parties to obtain more than the coverage contracted for under the policy" (*Excel-

*sior Ins. Co. v Antretter Contr. Corp.*, 262 AD2d 124, 127 [1st Dept 1999]). Here, timeliness was not readily apparent from the face of the insured's notice, and thus, a two-week delay for management review, editing, and mailing, was not unreasonable as a matter of law (*see Tower Ins. Co. of N.Y. v Khan*, 93 AD3d 618, 619 [1st Dept 2012]; *Wausau Bus. Ins. Co. v 3280 Broadway Realty Co. LLC*, 47 AD3d 549, 549 [1st Dept 2008]). Our decision in *Matter of AIU Ins. Co. v Veras* (94 AD3d 642 [1st Dept 2012]) is distinguishable inasmusch as the disclaimer in Veras was based on late notice of the incident giving rise to the loss, which lateness was readily apparent from the face of the insured's notice (*see George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104 [1st Dept 2012]), unlike the applicability of the policy exclusion relied upon by the insurer in this case. Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.