■ JORGE GUAMAN, Appellant, v ANSLEY & COMPANY, LLC et al., Respondents, et al., Defendant. DEEPER LIFE BIBLE CHURCH, INC., Third-Party Plaintiff-Respondent, v KEU ARCHITECTURAL STUDIO, P.C., et al., Third-Party Defendants. [22 NYS3d 829]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered December 23, 2014, which, to the extent appealed from, denied, without prejudice to renewal after completion of discovery, plaintiff's motion for partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims against defendant Deeper Life Bible Church, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff's motion was improperly dismissed as premature, since plaintiff and a coworker, who were the lone individuals present at the time of plaintiff's fall from a ladder, were each deposed. Further, defendant made no attempt to show that facts essential to justify its opposition to the motion exist, but cannot be stated absent depositions of the defendants and third-party defendants (see generally Woods v 126 Riverside Dr. Corp., 64 AD3d 422 [1st Dept 2009], lv denied 14 NY3d 704 [2010]).

Plaintiff established, as a matter of law, that his fall from an inadequately secured ladder, due to an overhead beam striking the ladder after he cut the beam in two pieces, was foreseeable and amounted to a Labor Law § 240 (1) violation that proximately caused his injurious fall (see e.g. Dasilva v A.J. Contr. Co., 262 AD2d 214 [1st Dept 1999]; Quinlan v Eastern Refractories Co., 217 AD2d 819 [3d Dept 1995]). Given the absence of adequate safety protections afforded to plaintiff in light of the elevation-related work hazards he faced, defendants' arguments that plaintiff's own actions were the sole proximate cause of his fall are unavailing (see DeRose v Bloomingdale's Inc., 120 AD3d 41, 45-46 [1st Dept 2014]), and the defense argument—sounding in comparative negligence—is no defense to a Labor Law § 240 (1) claim (see Stankey v Tishman Constr. Corp. of N.Y., 131 AD3d 430 [1st Dept 2015]).

As plaintiff has established defendant property owner's liability as a matter of law under Labor Law § 240 (1), this Court need not reach defendant's arguments regarding the plaintiff's Labor Law § 241 (6) claim (*see generally Goreczny v 16 Ct. St. Owner LLC*, 110 AD3d 465 [1st Dept 2013]; *Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 11-12 [1st Dept 2011]). Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.