■ SCOTT A. SAFIER, Respondent, v SAGGIO RESTAURANT INC. et al., Respondents, and TRI-STATE BIODIESEL, LLC, Appellant, et al., Defendants. [54 NYS3d 272]—

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered December 13, 2016, which denied defendant Tri-State Biodiesel, LLC's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant Tri-State Biodiesel, which collects used cooking oil from restaurants, established prima facie that it did not cause the large slick of cooking oil and/or grease to be on the road where plaintiff slipped and fell riding his bicycle. Tri-State submitted an affidavit by its general manager saying that he had searched its records and that the records indicated that the company had not collected oil from its codefendants, restaurant operators and the owners of the building in which the restaurants are located, since January 25, 2013, about 16 months before the accident happened on the road adjacent to the building (*see Piccinich v New York Stock Exch.*, 257 AD2d 438, 439 [1st Dept 1999]). Tri-State also submitted deposition testimony by its codefendants admitting either that they had never been serviced by it or that they had had no dealing with it for more than a year before the accident happened (*see Tower Ins. Co. of N.Y. v Khan*, 93 AD3d 618, 619 [1st Dept 2012]). These unsigned transcripts were properly before the motion court, because the deponents were served with notices to execute more than 60 days before Tri-State moved for summary judgment, every transcript was certified by a reporter, and neither plaintiff nor co-defendants challenged the accuracy of the testimony (*see* CPLR 3116 [a]; *Franco v Rolling Frito-Lay Sales, Ltd.*, 103 AD3d 543 [1st Dept 2013]).

In opposition, plaintiff and codefendants neither submitted an affidavit demonstrating the existence of an issue of fact nor made any attempt to show that facts essential to justify their opposition to the motion existed that could not be stated absent a deposition of Tri-State (*see* CPLR 3212 [f]; *Guaman v Ansley & Co., LLC*, 135 AD3d 492, 492 [1st Dept 2016]). They failed to show that the proof they claim they need is within the exclusive knowledge or control of Tri-State and that their opposition to Tri-State's motion is supported by something other than mere hope or conjecture (*see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [1st Dept 2007]). Concur—Acosta, P.J., Richter, Webber and Kahn, JJ.