Avila v Saint David's Sch. (2020 NY Slip Op 05571)





Avila v Saint David's Sch.


2020 NY Slip Op 05571


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 302405/16 Appeal No. 12014 Case No. 2019-05410 

[*1]Juan Ramon Paz Avila, Plaintiff-Appellant,
v
Saint David's School, et al., Defendants-Respondents. [And a Third-Party Action.]


Gorayeb & Associates, P.C., New York (Peter D. Suglia of counsel), for appellant.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez), entered October 21, 2019, which denied plaintiff's motion for partial summary judgment as to Labor Law § 240(1), unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.
The undisputed facts show prima facie that defendants violated Labor Law § 240(1) by failing to provide adequate safety devices to plaintiff, who was injured doing demolition work when the unsecured ladder he was using to remove a ceiling was struck by a piece of falling metal debris, causing him and the ladder to fall to the ground (see Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 433-434 [1st Dept 2015], appeal dismissed 26 NY3d 1021 [2015]; Guaman v Ansley & Co., LLC. , 135 AD3d 492 [1st Dept 2016]). The record lacks any conflicting evidence relevant to the issue of whether Labor Law 240 (1) was violated, sufficient to raise a material issue of fact. The issues of fact relied upon by the motion court in denying partial summary judgment are immaterial to the issue of whether defendants' violation of section 240(1) was a proximate cause of plaintiff's injuries. Plaintiff was not required to show that the ladder he was using was defective, where testimony established prima facie that defendant failed to provide a safety device to insure the ladder would remain upright while plaintiff used it (see Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020