Martinez v Ghorta (2021 NY Slip Op 00389)





Martinez v Ghorta


2021 NY Slip Op 00389


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 25388/16E Appeal No. 12948 Case No. 2020-02916 

[*1]Longino Martinez, Plaintiff-Respondent,
v
Jaswinder Singh Ghorta et al., Defendants-Appellants, Custom Built Homes, Inc., et al., Defendants.


Sol Kodsi, New York, for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (David M. Schwarz of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 13, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim as against defendants Jaswinder Singh Ghorta and Maddelena Fasano, unanimously affirmed, without costs.
Plaintiff established prima facie defendants' liability under Labor Law § 240(1) by showing that his injuries resulted "directly from the application of the force of gravity to the [metal jack]" he was using, which toppled over, struck him in the head and knocked him to the ground, and that he had not been provided with an adequate safety device (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]).
In opposition, defendants failed to raise a material issue of fact. They argue that the record is unclear as to what actually struck plaintiff. However, the notation in the unsworn hospital record that plaintiff was hit by a pipe is not inconsistent with his testimony, which described the jack as a pipe-like structure, and there is no evidence that plaintiff was struck by a portion of a nearby pipe scaffolding. In any event, whether plaintiff was struck by an unsecured jack that fell while he was attempting to lift a steel beam or by a steel beam that fell while being hoisted by the unsecured jack is immaterial, as the uncontradicted evidence shows that the furnished elevation-related safety device, the jack, was inadequate to shield plaintiff from harm "directly flowing from the application of the force of gravity to [the jack]" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 561-562 [1993]; Luongo v City of New York, 72 AD3d 609 [1st Dept 2010]; Arnaud v 140 Edgecomb LLC, 83 AD3d 507 [1st Dept 2011]). Contrary to defendants' contention, plaintiff was not required to show that the unsecured jack was defective, since his testimony establishes that it failed to perform its function (Arnaud, 83 AD3d at 508; Avila v St. David's Sch., 187 AD3d 460 [1st Dept 2020]). If, as defendants contend, plaintiff failed to wait for assistance from his boss, who was talking on his cell phone, or installed the jack improperly, then plaintiff was, at most, comparatively negligent, which
is not a defense to section 240(1) liability (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021