■ Jose Martinez, Respondent, v 305 West 52 Condominium et al., Appellants, and Norman D. Schwartz, Defendant/ Third-Party Plaintiff-Appellant, et al., Defendants. Cardinal Sales, Inc., Third-Party Defendant-Appellant. [9 NYS3d 375]—

In an action to recover damages for personal injuries, the defendants 305 West 52 Condominium and Alexander Wolf & Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered June 28, 2013, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241, and

the causes of action alleging a violation of Labor Law § 200 and common-law negligence that are not based on a theory that the plaintiff was using a defective ladder, insofar as asserted against them, and the defendant/third-party plaintiff, Norman D. Schwartz, and the third-party defendant, Cardinal Sales, Inc., separately appeal, as limited by their respective briefs, from so much of the same order as denied those branches of their separate cross motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241, and the causes of action alleging a violation of Labor Law § 200 and common-law negligence that are not based on a theory that the plaintiff was using a defective ladder, insofar as asserted against the defendant/third-party plaintiff, Norman D. Schwartz.

Ordered that the order is modified, on the law, by adding a provision thereto that the denials of those branches of the motion of the defendants 305 West 52 Condominium and Alexander Wolf & Company, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241, and the causes of action alleging a violation of Labor Law § 200 and common-law negligence not based on a theory that the plaintiff was using a defective ladder, insofar as asserted against them, and those branches of the separate cross motions of the defendant/third-party plaintiff, Norman D. Schwartz, and the third-party defendant, Cardinal Sales, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 and 241, and the causes of action alleging a violation of Labor Law § 200 and common-law negligence that are not based on a theory that the plaintiff was using a defective ladder, insofar as asserted against the defendant/third-party plaintiff, Norman D. Schwartz, are without prejudice to renew upon the completion of discovery; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff, an employee of Cardinal Sales, Inc. (hereinafter Cardinal), allegedly was injured when he fell from a ladder while working in a unit in the 305 West 52 Condominium. He commenced this action, alleging, inter alia, violations of Labor Law §§ 200, 240 (1) and 241 (6). The defendants 305 West 52 Condominium and Alexander Wolf & Company, Inc. (hereinafter together the Condominium defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. Thereafter, the defendant/third-party plaintiff, Norman D. Schwartz, the owner of the condominium unit, and

Cardinal separately cross-moved for summary judgment dismissing the complaint insofar as asserted against Schwartz. The plaintiff cross-moved for a continuance and further discovery pursuant to CPLR 3212 (f). The Supreme Court granted those branches of the Condominium defendants' motion and Schwartz's and Cardinal's cross motions which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence based on a theory that the plaintiff was using a defective ladder. In addition, the court granted that branch of the plaintiff's cross motion which was to direct the Condominium defendants, Schwartz, and Cardinal to appear for depositions. The court otherwise denied the Condominium defendants' motion, and Schwartz's and Cardinal's respective cross motions.

"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (*Malester v Rampil*, 118 AD3d 855, 856 [2014]; *see Video Voice, Inc. v Local T.V., Inc.*, 114 AD3d 935 [2014]; *Bank of Am., N.A. v Hillside Cycles, Inc.*, 89 AD3d 653, 654 [2011]). Here, no depositions of the Condominium defendants, Schwartz, or Cardinal have been conducted. Under these circumstances, the Supreme Court properly denied the motion and cross motions for summary judgment to the extent indicated above, as premature, since further discovery may lead to relevant evidence, although the denial should have been without prejudice to renew upon the completion of discovery (*see* CPLR 3212 [f]; *Johnson v Richardson*, 120 AD3d 767, 768 [2014]; *Malester v Rampil*, 118 AD3d at 856; *Video Voice, Inc. v Local T.V., Inc.*, 114 AD3d 935 [2014]; *Degen v Uniondale Union Free Sch. Dist.*, 114 AD3d 822, 823 [2014]; *Colgan v Colgan*, 94 AD3d 689, 690 [2012]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 18 AD3d 713, 715 [2005]). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur. ■