Villalba v Brady (2020 NY Slip Op 02945)





Villalba v Brady


2020 NY Slip Op 02945


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2019-01038
 (Index No. 2462/18)

[*1]Wilmer E. Villalba, appellant, 
v
John ("Jack") R. Brady, et al., defendants, DM Carpentry Corp., respondent.


Robert F. Danzi, Jericho, NY (Christine Coscia of counsel), for appellant.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Dawn C. Faillace-Dillon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated December 7, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant DM Carpentry Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant DM Carpentry Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff commenced this action against the defendant DM Carpentry Corp. (hereinafter DM), among others, alleging violations of Labor Law §§ 200, 240, and 241, as well as common-law negligence. Prior to discovery, DM moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, among other things, granted that branch of DM's motion.
"A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770; see Pinella v Crescent St. Corp., 176 AD3d 985).
Here, at the time that DM moved for summary judgment, no discovery had taken place, and depositions of the parties had not yet occurred. The papers submitted to the Supreme Court by the parties suggest that discovery might lead to relevant evidence (see Haxhijaj v Ferrer, 166 AD3d 592, 593; Martinez v 305 W. 52 Condominium, 128 AD3d 912, 914; Degen v Uniondale Union Free Sch. Dist., 114 AD3d 822, 823). Accordingly, the Supreme Court should have denied that branch of DM's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court