Cordero v Escobar (2020 NY Slip Op 04915)





Cordero v Escobar


2020 NY Slip Op 04915


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-10698
 (Index No. 54932/19)

[*1]Eduviges Cordero, appellant, 
v
Luis E. Escobar, et al., respondents.


Hausman & Pendzick, Harrison, NY (Elizabeth M. Pendzick of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Yolanda L. Ayala of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 4, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging negligence and culpable conduct on the part of the plaintiff.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when a vehicle she was driving was struck by a vehicle operated by the defendant Luis Escobar and owned by the defendant ASF Construction & Excavation Corp. The plaintiff commenced this action against the defendants to recover damages for personal injuries. She subsequently moved for summary judgment on the issue of liability and to dismiss the defendants' affirmative defense alleging contributory negligence and culpable conduct, contending that Escobar's alleged violation of Vehicle and Traffic Law § 1128(a), which prohibits unsafe lane changes, was the sole proximate cause of the accident. In support of her motion, she submitted her own affidavit, and a certified police accident report containing a purported admission by Escobar that he "struck" the plaintiff's vehicle on the driver's side, without indicating any further details. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
Under the circumstances of this case, the plaintiff's motion for summary judgment was premature because the plaintiff moved for summary judgment before the parties had an adequate opportunity to conduct discovery as to the plaintiff's version of events, which was beyond the defendants' control (see Bernstein v New York City Tr. Auth., 153 AD3d 897, 898). Moreover, the evidence that the plaintiff submitted in support of her motion included a purported admission by the defendant driver, Escobar, which did not constitute an admission of fault, but rather, was merely an acknowledgment that the collision occurred. Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging contributory negligence and culpable conduct.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court