Tamburello v Rubino (2020 NY Slip Op 05967)





Tamburello v Rubino


2020 NY Slip Op 05967


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-10169
 (Index No. 3934/14)

[*1]Angela Tamburello, appellant,
v
Rosina Rubino, et al., respondents.


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered August 29, 2017. The order, insofar as appealed from, in effect, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied as premature.
The plaintiff allegedly was injured when she slipped on a staircase in a house owned by the defendants. She commenced this action and subsequently initiated discovery. Before the plaintiff had the opportunity to finish depositions, the defendants moved for summary judgment dismissing the complaint. The Supreme Court, in effect, granted the motion, and the plaintiff appeals.
The defendants moved for summary judgment dismissing the complaint only days after the defendant Jennifer Rubino-Mount left her deposition before it was completed and the defendants' attorney refused to allow the plaintiff to depose the defendant Josephine Rubino Nolan, who was also present at that deposition. Contrary to the defendants' contentions, the plaintiff's attorney was not at fault for the failure to complete the depositions of these two witnesses, and we cannot conclude that the discovery afforded to the plaintiff was sufficient without these depositions. Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint as premature (see CPLR 3212[f]).
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court