Cantor-Sanchez v Gonzalez-Socarras (2020 NY Slip Op 07344)





Cantor-Sanchez v Gonzalez-Socarras


2020 NY Slip Op 07344


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-06810
 (Index No. 611633/18)

[*1]Jorge D. Cantor-Sanchez, et al., respondents,
v
Avelino M. Gonzalez-Socarras, defendant, Absolute West, LLC, etc., appellant.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas Vevante of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Christen Giannaros], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Absolute West, LLC, appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered April 18, 2019. The order, insofar as appealed from, denied, as premature, the motion of the defendant Absolute West, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against, among others, the defendant Absolute West, LLC (hereinafter Absolute), alleging that they sustained personal injuries when their vehicle came into contact with a vehicle owned by Absolute. Before any discovery was conducted, Absolute moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not own the vehicle that came into contact with the plaintiffs' vehicle, and that it had no connection with the accident. In an order entered April 18, 2019, the Supreme Court, inter alia, denied Absolute's motion as premature. Absolute appeals.
"A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770).
Here, when Absolute moved for summary judgment, no discovery had taken place, and depositions of the parties had yet to occur. The plaintiffs submitted evidence suggesting that discovery might lead to relevant evidence pertaining to Absolute's involvement with the accident (see Villalba v Brady, 183 AD3d 850, 851; Pinella v Crescent St. Corp., 176 AD3d 985, 987; Haxhijaj v Ferrer, 166 AD3d 592, 593; Salameh v Yarkovski, 156 AD3d 659, 660).
Accordingly, we agree with the Supreme Court's determination to deny, as premature, Absolute's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court