Andujar v Boyle (2021 NY Slip Op 00401)





Andujar v Boyle


2021 NY Slip Op 00401


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-08515
 (Index No. 69668/17)

[*1]Jessica. Andujar, appellant, 
v
Christine Susan Boyle, et al., respondents.


Tomkiel & Tomkiel, Scarsdale, NY (Matthew Tomkiel of counsel), for appellant.
Collins, Fitzpatrick & Schoene, LLP, White Plains, NY (Ralph F. Schoene of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 3, 2019. The order denied the plaintiff's motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on October 20, 2016. The Supreme Court issued a trial readiness order dated January 25, 2019, directing, inter alia, that any summary judgment motions be served within 45 days of the filing of the note of issue. On February 19, 2019, the plaintiff filed a note of issue and certificate of readiness which failed to indicate whether all discovery, including physical examinations, had been completed. Thereafter, the plaintiff was informed by a court attorney referee that the note of issue and certificate of readiness were improper and needed to be refiled because they failed to indicate whether certain discovery had been completed or waived. On March 6, 2019, the plaintiff filed a new note of issue and certificate of readiness which indicated that the defendants waived their right to conduct physical examinations of the plaintiff. By notice of motion dated April 22, 2019, a Monday, the plaintiff moved for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The court denied the motion as untimely based upon its determination that the plaintiff's time to move for summary judgment began to run on February 19, 2019. The plaintiff appeals. We affirm, albeit for different reasons than those relied on by the Supreme Court.
"'Pursuant to Uniform Rules for Trial Courts, a note of issue must be accompanied by a certificate of readiness, which must state that there are no outstanding requests for discovery and the case is ready for trial'" (McKiernan v Vaccaro, 168 AD3d 827, 829, quoting Slovney v Nasso, 153 AD3d 962, 962; see 22 NYCRR 202.21[a], [b]; Furrukh v Forest Hills Hosp., 107 AD3d 668, 669). Here, the certificate of readiness filed with the first note of issue on February 19, 2019, failed to indicate whether physical examinations were completed and whether medical reports were exchanged. As the first certificate of readiness failed to materially comply with the requirements of [*2]22 NYCRR 202.21, this note of issue was a nullity (see McKiernan v Vaccaro, 168 AD3d at 829; Slovney v Nasso, 153 AD3d at 962; Furrukh v Forest Hills Hosp., 107 AD3d at 669). As that note of issue was a nullity, the plaintiff's time to move for summary judgment began to run when the new note of issue was filed on March 6, 2019. Thus, the plaintiff's motion for summary judgment was timely.
We nevertheless affirm the Supreme Court's order in light of our determination in a related appeal (see Andujar v Boyle, _____ AD3d _____ [Appellate Division Docket No. 2019-06980; decided herewith), in which we are granting the defendants' motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination. Since we are compelling the plaintiff to appear for an independent medical examination, her motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is now premature (see CPLR 3212[f]; Tamburello v Rubino, 187 AD3d 1092; Cordero v Escobar, 186 AD3d 1315).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court