Harrinarain v Sisters of St. Joseph (2022 NY Slip Op 03233)





Harrinarain v Sisters of St. Joseph


2022 NY Slip Op 03233


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-13654
 (Index No. 701370/18)

[*1]Jasmattie Harrinarain, appellant, 
v
Sisters of St. Joseph, et al., respondents.


Poltielov Law Firm, P.C. (Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, of counsel), for appellant.
Kennedys Law LLP, New York, NY (Michael R. Schneider and Hilary Simon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 8, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2018, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred in Queens. Prior to depositions being conducted and prior to the plaintiff submitting to an independent medical examination, the plaintiff moved for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered November 8, 2019, the Supreme Court, inter alia, denied the plaintiff's motion as premature. The plaintiff appeals.
On a prior appeal by the plaintiff, this Court, in a decision and order dated June 19, 2019, reversed an order of the Supreme Court denying the plaintiff's motion for summary judgment on the issue of liability and granted that motion (see Harrinarain v Sisters of St. Joseph, 173 AD3d 983, overruled in part by Yassin v Blackman, 188 AD3d 62). In determining that the plaintiff had established her prima facie entitlement to judgment as a matter of law on the issue of liability and that the defendants failed to raise a triable issue of fact in opposition, this Court noted that pursuant to Rodriguez v City of New York (31 NY3d 312), the plaintiff was not required to demonstrate the absence of her own comparative negligence to be entitled to summary judgment on the issue of liability. That determination, however, does not govern the determination of the instant appeal.
"'A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment'" (Martinez v 305 W. 52 Condominium, 128 AD3d 912, 914, quoting Malester v Rampil, 118 AD3d 855, 856). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing [*2]party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]).
Here, at the time the plaintiff moved for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d), no depositions or independent medical examinations had been conducted. Contrary to the plaintiff's contention, the defendants are entitled to discovery, inter alia, on the issue of whether she sustained a serious injury, as it is "decidedly an issue of damages, not liability" (Van Nostrand v Froehlich, 44 AD3d 54, 59). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) on the ground that the motion was premature (see CPLR 3212[f]; Cruz v Skeritt, 140 AD3d 554, 555; see generally Villalba v Brady, 183 AD3d 850, 851).
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court