Arias v Allen J. Reyen, Inc. (2022 NY Slip Op 03999)

Arias v Allen J. Reyen, Inc.

2022 NY Slip Op 03999

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-00696
 (Index No. 59834/18)

[*1]Rodrigo Arias, respondent,
v
Allen J. Reyen, Inc., et al., appellants.

Keidel, Weldon & Cunningham, LLP, White Plains, NY (Darren P. Renner and Stephen Cunningham of counsel), for appellant Allen J. Reyen, Inc.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York, NY (Shawn D. Wagner of counsel), for appellant Allen J. Reyen.
William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Allen J. Reyen, Inc., appeals, and the defendant Allen J. Reyen separately appeals, from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated December 9, 2019. The order denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto that the denials of the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are without prejudice to renewal upon the completion of discovery; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when he fell from a ladder while performing certain work on a barn located on property in Pound Ridge. He thereafter commenced this action against the defendants, Allen J. Reyen and Allen J. Reyen, Inc., alleging violations of Labor Law §§ 200, 240, and 241, as well as common-law negligence. Prior to the completion of the parties' depositions, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the motions. The defendants separately appeal.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Salameh v Yarkovski, 156 AD3d 659, 660; see Rutherford v Brooklyn Navy Yard Dev. Corp., 174 AD3d 932, 933; Okula v City of New York, 147 AD3d 967, 968; Brea v Salvatore, 130 AD3d 956, 956). Under the circumstances of this case, the plaintiff was entitled to conduct discovery which may result in disclosure of relevant information (see CPLR 3212[f]; Cantor-Sanchez v Gonzalez-Socarras, 189 AD3d 977; Pinella v Crescent St. Corp., 176 AD3d 985, 987). Accordingly, the motions should have been denied without prejudice [*2]to renewal upon the completion of discovery.
In light of our determination, we do not reach the parties' remaining contentions.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court