Cruz v Fanoush (2023 NY Slip Op 01178)

Cruz v Fanoush

2023 NY Slip Op 01178

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-00159
 (Index No. 502025/20)

[*1]Daniel Cruz, appellant, 
v
Youssif Fanoush, et al., respondents.

Leav & Steinberg, New York, NY (Ricardo J. Martinez of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated December 15, 2021. The order denied the plaintiff's motion for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The plaintiff moved for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 15, 2021, the Supreme Court denied the motion as premature. The plaintiff appeals.
"'A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment'" (Harrinarain v Sisters of St. Joseph, 205 AD3d 893, 894, quoting Martinez v 305 W. 52 Condominium, 128 AD3d 912, 914 [internal quotation marks omitted]). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]).
Here, at the time the plaintiff moved for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d), no depositions or independent medical examinations had been conducted. Contrary to the plaintiff's contention, the defendants are entitled to discovery, inter alia, as to the extent of the plaintiff's injuries and regarding the plaintiff's version of relevant events (see Harrinarain v Sisters of St. Joseph, 205 AD3d at 894; Tamburello v Rubino, 187 AD3d 1092; Cordero v Escobar, 186 AD3d 1315, 1316). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident on the ground that the motion was premature.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court