Gillin v Spiess (2024 NY Slip Op 02691)

Gillin v Spiess

2024 NY Slip Op 02691

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-10262
 (Index No. 609036/22)

[*1]Brian Gillin, appellant, 
v
Donald A. Spiess, et al., respondents.

Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, for appellant.
Muscarella & Diraimo, LLP (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), entered November 17, 2022. The order denied the plaintiff's motion, inter alia, for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. Five days after issue was joined, and prior to the exchange of any discovery or depositions being conducted, the plaintiff moved, inter alia, for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered November 17, 2022, the Supreme Court denied the motion as premature. The plaintiff appeals.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Cruz v Fanoush, 214 AD3d 703, 703 [internal quotation marks omitted]). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (id. [internal quotation marks omitted]).
Here, at the time the plaintiff moved, inter alia, for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, no depositions or independent medical examinations had been conducted, and the plaintiff had yet to respond to the defendants' demand for a bill of particulars. Therefore, contrary to the plaintiff's contention, the defendants are entitled to discovery, among other things, as to the extent of the plaintiff's injuries and regarding the plaintiff's version of relevant events (see Cruz v Fanoush, 214 AD3d at 703; Harrinarain v Sisters of St. Joseph, 205 AD3d 893, 894; Cordero v Escobar, 186 AD3d 1315, 1316).
Accordingly, under the circumstances of this case, the Supreme Court properly denied [*2]the plaintiff's motion, inter alia, for summary judgment on the issues of liability and whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident on the ground that the motion was premature.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court