Bohanan v Goller (2025 NY Slip Op 04622)

Bohanan v Goller

2025 NY Slip Op 04622

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2024-02135
 (Index No. 715980/23)

[*1]Brittany Bohanan, respondent, 
v
Melissa Goller, et al., appellants, et al., defendant.

Michael Ferro, Melville, NY (Kate L. Dorney of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Philip Reid of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Melissa Goller and Ira Goller appeal from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered January 25, 2024. The order, insofar as appealed from, denied, as premature, that branch of the motion of the defendants Melissa Goller and Ira Goller which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 20, 2023, the plaintiff was a passenger in a vehicle (hereinafter the host vehicle) operated by the defendant Anna Bradshaw when it collided with a vehicle operated by the defendant Melissa Goller and owned by the defendant Ira Goller (hereinafter together the Goller defendants) in Queens. When the accident occurred, the plaintiff was asleep inside the host vehicle.
On August 3, 2023, the plaintiff commenced this action against the defendants. Bradshaw and the Goller defendants filed separate answers in which they asserted cross-claims against each other. Prior to the parties taking any depositions, the Goller defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order entered January 25, 2024, the Supreme Court, inter alia, denied, as premature, that branch of the Goller defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The Goller defendants appeal.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Harrinarain v Sisters of St. Joseph, 205 AD3d 893, 894 [internal quotation marks omitted]). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]; Harrinarain v Sisters of St. Joseph, 205 AD3d at 894).
Here, the plaintiff demonstrated that that branch of the Goller defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them was premature. The Goller defendants moved for summary judgment less than two months after issue was joined and before any depositions had been taken. Under the circumstances, the plaintiff, who [*2]was asleep at the time of the accident, should be afforded the opportunity to conduct discovery (see Harrinarain v Sisters of St. Joseph, 205 AD3d at 894; Johnson v Richardson, 120 AD3d 767, 768). Accordingly, the Supreme Court properly denied that branch of the Goller defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The Goller defendants' contentions regarding that branch of their motion which was for summary judgment dismissing all cross-claims insofar as asserted against them are not properly before this Court, as that branch of the Goller defendants' motion remains pending and undecided (see Uhl v D'Onofrio Gen. Contrs., Corp., 197 AD3d 770, 773).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court