Zihui Lin v Cheng Liu (2026 NY Slip Op 00403)

Zihui Lin v Cheng Liu

2026 NY Slip Op 00403

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-09373
 (Index No. 713872/21)

[*1]Zihui Lin, etc., plaintiff-respondent, 
vCheng Liu, et al., defendants-respondents, W.R. Plumbing and Heating Corp., appellant, et al., defendants.

Rawle & Henderson, LLP, New York, NY (Richard B. Polner of counsel), for appellant.
Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for defendants-respondents Cheng Liu and Sai Li.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant W.R. Plumbing and Heating Corp. appeals from an order of the Supreme Court, Queens County (Cassandra A. Johnson, J.), entered July 3, 2024. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs to the defendants Cheng Liu and Sai Li.
In November 2020, E.I., an infant, allegedly was injured when a radiator pipe detached from the wall of the apartment in which the infant resided and scalded her. In June 2021, the plaintiff, the father and natural guardian of the infant, commenced this action against, among others, the defendant W.R. Plumbing and Heating Corp. (hereinafter W.R. Plumbing), which allegedly had performed certain work at the premises, and the defendants Cheng Liu and Sai Li, the owners of the premises (hereinafter together the owners). The owners interposed an answer, asserting cross-claims against W.R. Plumbing, among others, seeking contribution and common-law and contractual indemnification. Prior to the completion of discovery, W.R. Plumbing moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. In an order entered July 3, 2024, the Supreme Court denied the motion as premature. W.R. Plumbing appeals.
"'A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment'" (Rosenblum v City of New York, 230 AD3d 1175, 1175, quoting Malester v Rampil, 118 AD3d 855, 856; see Harrinarain v Sisters of St. Joseph, 205 AD3d 893, 894). "'A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated'" (Rosenblum v City of New York, 230 AD3d at 1175, quoting Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]). "'A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of [*2]the movant'" (Knowles v 21-43 27th St., LLC, 224 AD3d 737, 738, quoting Cajas-Romero v Ward, 106 AD3d 850, 852; see Sarceno v Manhattan View, LLC, 230 AD3d 1176, 1177).
Here, at the time W.R. Plumbing moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it, no deposition of its owner had been conducted. Further, the plaintiff demonstrated that discovery might lead to relevant evidence regarding, inter alia, the scope of the work that W.R. Plumbing contracted to perform. Accordingly, the Supreme Court properly denied the motion of W.R. Plumbing for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it as premature (see Sarceno v Manhattan View, LLC, 230 AD3d at 1177; Rosenblum v City of New York, 230 AD3d at 1176; Knowles v 21-43 27th St., LLC, 224 AD3d at 738).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court