■ WALNER BUSTILLO, Respondent, v TUCKAHOE DEVELOPMENT, LLC, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. J.A.N. CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent-Appellant. [750 NYS2d 767] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, Tuckahoe Development, LLC, appeals from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered October 26, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability under Labor Law § 240 (1) and denied, as premature, its cross motion for summary judgment on its contractual indemnification claim against the third-party defendant, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied, as premature, its cross motion for summary judgment dismissing the claims for contractual and common-law

indemnification asserted against it by the defendant third-party plaintiff.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) claim insofar as asserted against the defendant Tuckahoe Development, LLC, and substituting therefor a provision denying that branch of the motion as premature, with leave to renew at the conclusion of discovery; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Under the circumstances of this case, after the plaintiff made out a prima facie case for summary judgment, Tuckahoe Development, LLC, sufficiently established that facts may exist that would demonstrate that the plaintiff's own actions were the sole proximate cause of his injuries, but that it had not had a reasonable opportunity to conduct discovery (*see* CPLR 3212 [f]; *Weininger v Hagedorn & Co.*, 91 NY2d 958; *Heffernan v Bais Corp.*, 294 AD2d 401; *Allen v Village of Farmingdale*, 282 AD2d 485). Accordingly, the plaintiff's motion should have been denied as premature.

The Supreme Court properly denied the cross motions as premature (*see* CPLR 3212 [f]). Feuerstein, J.P., Smith, Goldstein and Luciano, JJ., concur.