■ STANISLAW TAMA, Respondent-Appellant, and KATARZYNA RYCZOWSKA, Respondent, v GARGIULO BROS., INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, and OUR LADY OF REFUGE ROMAN CATHOLIC CHURCH, Appellant-Respondent. SAKO GROUP, LTD., Third-Party Defendant-Respondent-Appellant. [878 NYS2d 128]—

In a consolidated action to recover damages for personal injuries, etc., the defendant Our Lady of Refuge Roman Catholic Church appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 17, 2008, which, inter alia, denied those branches of its motion which were for summary judgment dismissing the Labor Law § 240 (1) and (2) causes of action insofar as asserted against it and on its cross claim for common-law indemnification asserted against the defendant and third-party plaintiff, Gargiulo Bros., Inc., and granted those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the Labor Law § 240 (1) and (2) causes of action insofar as asserted against it, the defendant and third-party plaintiff, Gargiulo Bros., Inc., separately appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the Labor Law § 240 (1) and (2) causes of action insofar as asserted against it, and granted those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the Labor Law § 240 (1) and (2) causes of action insofar as asserted against it, the third-party defendant cross-appeals, as limited by its brief, from so much of

the same order as granted those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability on the Labor Law § 240 (1) and (2) causes of action, denied its separate motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, and granted that branch of the cross motion of the defendant and third-party plaintiff, Gargiulo Bros., Inc., which was for summary judgment on the third-party claims for contractual and common-law indemnification, and the plaintiff Stanislaw Tama separately cross-appeals, as limited by his brief, from stated portions of the same order.

Ordered that the cross appeal by the plaintiff Stanislaw Tama is dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant and third-party plaintiff, Gargiulo Bros., Inc., which was for summary judgment on its third-party claims for contractual and common-law indemnification and substituting therefor a provision denying that branch of that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from by the third-party defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant and third-party plaintiff, Gargiulo Bros., Inc., the defendant Our Lady of Refuge Roman Catholic Church, and the third-party defendant, appearing separately and filing separate briefs, and one bill of costs is awarded to the defendant and third-party plaintiff, Gargiulo Bros., Inc., payable by the defendant Our Lady of Refuge Roman Catholic Church and the third-party defendant.

The plaintiff Stanislaw Tama and the decedent, Piotr Cegiel, fell from a hanging scaffold while performing window repair work for their employer, the third-party defendant Sako Group, Ltd. (hereinafter Sako), at a building owned by the Roman Catholic Church of Our Lady of Refuge, in the Borough of Brooklyn, in the City of New York, sued herein as Our Lady of Refuge Roman Catholic Church (hereinafter the Church). The Church had hired the defendant and third-party plaintiff, Gargiulo Bros., Inc. (hereinafter Gargiulo), to perform the work and Gargiulo, in turn, subcontracted the job to Sako. Following the accident, Tama and the plaintiff Katarzyna Ryczowska, as administratrix of the decedent's estate, commenced separate actions against Gargiulo and the Church. Gargiulo then commenced a third-party action against Sako. The actions were later consolidated.

Subsequently, the Supreme Court, inter alia, granted the

plaintiffs' cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) and (2) causes of action. The court also granted that branch of Gargiulo's cross motion which was for summary judgment on its third-party claims for contractual and common-law indemnification against Sako, and denied that branch of the Church's motion which was for summary judgment on its cross claim for common-law indemnification against Gargiulo. We modify.

To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *Leniar v Metropolitan Tr. Auth.,* 37 AD3d 425, 426 [2007]). To impose liability pursuant to Labor Law § 240 (2), there must also be proof that the subject scaffolding was more than 20 feet above the ground and lacked properly secured safety rails, and that the failure to provide such protection was a proximate cause of plaintiff's injuries (*see Emmi v Emmi,* 186 AD2d 1025 [1992]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) and (2) causes of action by showing that Tama and the decedent were not provided with the proper protection required under these statutory provisions, that the scaffold on which Tama and the decedent worked was more than 20 feet above the ground and lacked properly-secured safety rails, and that the failure to provide such protection was a proximate cause of their injuries (*see McCarthy v Turner Constr., Inc.,* 52 AD3d 333, 333-334 [2008]; *Miglionico v Bovis Lend Lease, Inc.,* 47 AD3d 561, 565 [2008]; *Emmi v Emmi,* 186 AD2d 1025 [1992]; *Brown v Sagamore Hotel,* 184 AD2d 47, 51 [1992]; *Braun v Dormitory Auth. of State of N.Y.,* 118 AD2d 614 [1986]). In opposition, Gargiulo and the Church failed to raise a triable issue of fact as to whether the actions of Tama and the decedent were the sole proximate cause of the accident (*see Moniuszko v Chatham Green, Inc.,* 24 AD3d 638, 638-639 [2005]; *Aragon v 233 W. 21st St.,* 201 AD2d 353, 354 [1994]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240 (1) and (2) causes of action.

However, the Supreme Court erred in granting that branch of Gargiulo's cross motion which was for summary judgment on its third-party claims for contractual and common-law indemnification against Sako. Gargiulo failed to establish its prima facie entitlement to judgment as a matter of law since it failed to demonstrate that Sako exercised exclusive direction, supervi-

sion, and control over the erection of the scaffolding (*see Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681, 684-685 [2005]; *see also Markey v C.F.M.M. Owners Corp.,* 51 AD3d 734, 736 [2008]).

The Supreme Court correctly denied the Church's motion for summary judgment on its cross claim for common-law indemnification against Gargiulo since an award of summary judgment on a claim for common-law indemnification is appropriate only where there are no triable issues of fact concerning the degree of fault attributable to the parties (*see Coque v Wildflower Estates Devs., Inc.,* 31 AD3d 484, 489 [2006]; *La Lima v Epstein,* 143 AD2d 886, 888 [1988]). Here, the Supreme Court correctly concluded that issues of fact remained with respect to the negligence of Gargiulo and the Church.

Tama's cross appeal must be dismissed as abandoned (*see Sirma v Beach,* 59 AD3d 611, 614 [2009]; *Bibas v Bibas,* 58 AD3d 586 [2009]), as he does not seek reversal of any portion of the order in his brief. Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur. [*See* 19 Misc 3d 1141(A), 2008 NY Slip Op 51134(U).]