■ CHAYA HERSKOVIC, Respondent, v 515 AVENUE I TENANTS CORP., Appellant. [997 NYS2d 907]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated March 10, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In support of its motion for summary judgment dismissing the complaint, the defendant established, prima facie, that the area in which the plaintiff alleged that she slipped and fell was part of a pedestrian ramp, for which it was not responsible (*see* Administrative Code of City of NY § 7-210). However, a property owner that elects to engage in snow removal activities must act with reasonable care so as to avoid creating a hazardous condition or exacerbating a natural hazard created by a storm (*see Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789, 789-790 [2014]). Here, the defendant failed to eliminate all triable issues of fact as to whether the black ice condition upon which the plaintiff allegedly slipped and fell was created by its snow removal efforts (*see Gwinn v Christina's Polish Rest., Inc.*, 117 AD3d 789, 789-790 [2014]; *Viera v Rymdzionek*, 112 AD3d 915 [2013]; *Wei Wen Xie v Ye Jiang Yong*, 111 AD3d 617, 618 [2013]; *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 525 [2012]; *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177 [2012]).

Since the defendant failed to meet its prima facie burden as the moving party, it is not necessary to consider whether the papers submitted in opposition to the motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.