■ Yuriy Antonyshyn et al., Respondents, v Tishman Construction Corporation, Defendant, and 50 Varick, LLC, et al., Appellants. (And Two Third-Party Actions.) [61 NYS3d 141]—

In an action to recover damages for personal injuries, etc., the defendants 50 Varick, LLC, and Foundations Group, Inc., incorrectly sued herein as Foundations Interior Design Corp., appeal, and the defendant Nuway Interior Corp. separately appeals, as limited by their respective briefs, (1) from so much of an order of the Supreme Court, Queens County (Agate, J.), dated December 22, 2014, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them, and (2) from so much of an order of the same court (Velasquez, J.), dated October 2, 2015, as denied those branches of their respective motions which were for leave to renew their opposition to that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them.

Ordered that the order dated December 22, 2014, is reversed insofar as appealed from, on the law, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the appellants is denied as premature, with leave to renew upon completion of discovery; and it is further,

Ordered that the appeals from the order dated October 2, 2015, are dismissed as academic in light of our determination on the appeals from the order dated December 22, 2014; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The plaintiff Yuriy Antonyshyn (hereinafter the plaintiff) alleged that he was injured when a scaffold upon which he was working moved, causing him to lose his balance and fall to the floor below. The building where the plaintiff was working at

the time of the accident was owned by the defendant 50 Varick, LLC (hereinafter Varick). Varick had entered into an agreement with the defendant Foundations Group, Inc., incorrectly sued herein as Foundations Interior Design Corp. (hereinafter Foundations), to act as the general contractor for the construction project. Foundations subcontracted with the defendant Nuway Interior Corp. (hereinafter Nuway), which in turn subcontracted with the plaintiff's employer.

The plaintiff, and his wife suing derivatively, commenced this action against Varick, Foundations, and Nuway (hereinafter collectively the appellants), among others, asserting causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. Prior to the completion of discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The appellants opposed the motion, arguing that it was premature. The Supreme Court granted that branch of the plaintiffs' motion.

Varick and Foundations then moved, and Nuway separately moved, inter alia, for leave to renew their opposition to that branch of the plaintiffs' motion. The Supreme Court denied those branches of the appellants' respective motions.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (*Andino v BFC Partners*, 303 AD2d 338, 339 [2003]). " 'To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries' " (*Nunez v City of New York*, 100 AD3d 724, 724 [2012], quoting *Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]). "Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]).

Here, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action by submitting the plaintiff's deposition testimony. This evidence established that the appellants failed to provide the plaintiff with adequate safety devices, as required by Labor Law § 240 (1), and that

this failure was a proximate cause of the accident (*see Moran v 200 Varick St. Assoc., LLC*, 80 AD3d 581 [2011]; *Madalinski v Structure-Tone, Inc.*, 47 AD3d 687, 687 [2008]; *Crespo v Triad, Inc.*, 294 AD2d 145 [2002]).

Nevertheless, in opposing the plaintiffs' motion, the appellants correctly contended that the motion should have been denied as premature. "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*MVB Collision, Inc. v Progressive Ins. Co.*, 129 AD3d 1040, 1041 [2015]; *see Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]). At the time the plaintiffs moved for summary judgment in June 2014, Varick had conducted a deposition of the plaintiff, but Foundations and Nuway had not. Although the parties had entered into a stipulation on April 30, 2014, in which they agreed that the plaintiff would be deposed by Foundations and Nuway, and that depositions of all of the appellants would be conducted, the plaintiffs' motion was made before these depositions could be scheduled. The appellants sufficiently established that facts may exist that would demonstrate that the plaintiff's own actions were the sole proximate cause of the accident (*see* CPLR 3212 [f]; *Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]; *Bustillo v Tuckahoe Dev.*, 300 AD2d 272 [2002]; *Heffernan v Bais Corp.*, 294 AD2d 401 [2002]).

Accordingly, the Supreme Court should have denied, as premature, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), with leave to renew after the completion of discovery.

In light of the foregoing, we need not reach the appellants' remaining contentions. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.