■ CHAIM VICTOR SALAMEH et al., Respondents, v IGOR YARKOVSKI et al., Defendants, and CAB EAST, LLC, Appellant. [64 NYS3d 569]—

In an action to recover damages for personal injuries, etc., the defendant Cab East, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County

(Toussaint, J.), dated August 3, 2016, as denied, as premature, its motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew after the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment (*see Martino v Midtown Trackage Ventures, LLC*, 147 AD3d 1040, 1040 [2017]; *Okula v City of New York*, 147 AD3d 967, 968 [2017]; *Brea v Salvatore*, 130 AD3d 956, 956 [2015]; *Malester v Rampil*, 118 AD3d 855, 856 [2014]). A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated (*see* CPLR 3212 [f]; *Ingram v Bay Ridge Auto. Mgt. Corp.*, 145 AD3d 672, 672-673 [2016]; *Nicholson v Bader*, 83 AD3d 802, 802 [2011]). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Antonyshyn v Tishman Constr. Corp.*, 153 AD3d 1308, 1310 [2017] [internal quotation marks omitted]; *see Rungoo v Leary*, 110 AD3d 781, 783 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]).

Here, the defendant Cab East, LLC (hereinafter Cab), moved for summary judgment dismissing the complaint insofar as asserted against it less than two months after the plaintiffs commenced this action, prior to the exchange of any discovery. Furthermore, in this action to recover damages for personal injuries arising from a motor vehicle accident, the submissions in opposition to Cab's motion sufficiently established that facts may exist that would demonstrate that Cab owned one of the vehicles involved in the accident. Thus, an opportunity should be provided for the parties to conduct discovery which may result in disclosure of relevant information. Accordingly, the Supreme Court properly denied, as premature, Cab's motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew upon the completion of discovery (*see* CPLR 3212 [f]; *Martino v Midtown Trackage Ventures, LLC*, 147 AD3d at 1040; *Ingram v Bay Ridge Auto. Mgt. Corp.*, 145 AD3d at 673; *Brea v Salvatore*, 130 AD3d at 957; *Nicholson v Bader*, 83 AD3d at 802; *cf. Rungoo v Leary*, 110 AD3d at 783; *Cajas-Romero v Ward*, 106 AD3d at 852). Eng, P.J., Roman, Miller and Christopher, JJ., concur.