Rutherford v Brooklyn Navy Yard Dev. Corp. (2019 NY Slip Op 06008)





Rutherford v Brooklyn Navy Yard Dev. Corp.


2019 NY Slip Op 06008


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-05388
 (Index No. 519779/16)

[*1]Howard Rutherford, plaintiff-respondent,
v
Brooklyn Navy Yard Development Corporation, defendant-respondent, Monadnock Construction, Inc., appellant.


Kaufman, Dolowich & Voluck, LLP, Woodbury, NY (Matthew J. Minero of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Joshua H. Stern of counsel), for defendant-respondent Brooklyn Navy Yard Development Corporation.
Steven Wildstein, P.C., Great Neck, NY (Michael Maiolica of counsel), for plaintiff-respondent Howard Rutherford.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Monadnock Construction, Inc., appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated March 20, 2018. The order, insofar as appealed from, denied as premature that branch of the motion of the defendant Monadnock Construction, Inc., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, with leave to renew upon completion of discovery.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendants Brooklyn Navy Yard Development Corporation (hereinafter Brooklyn Navy Yard Development) and Monadnock Construction, Inc. (hereinafter Monadnock), alleging violations of Labor Law §§ 200, 240, and 241, as well as common-law negligence. Prior to commencement of discovery, Monadnock moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, among other things, denied as premature that branch of Monadnock's motion, with leave to renew upon completion of discovery. Monadnock appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Salameh v Yarkovski, 156 AD3d 659, 660; see Okula v City of New York, 147 AD3d 967, 968; Brea v Salvatore, 130 AD3d 956, 956). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v Salvatore, 130 [*2]AD3d at 956; see CPLR 3212 [f]; Salameh v Yarkovski, 156 AD3d at 660; Okula v City of New York, 147 AD3d at 968). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040, 1041; see Salameh v Yarkovski, 156 AD3d at 660; Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310).
Here, Monadnock's motion was made before a preliminary conference was held, before any written discovery was exchanged, and before any depositions were taken. Further, the opposition papers submitted separately by the plaintiff and Brooklyn Navy Yard Development established that discovery with respect to several relevant issues raised by Monadnock in its motion, some of which were exclusively within the knowledge of Monadnock, was necessary to oppose Monadnock's motion. Thus, the plaintiff and Brooklyn Navy Yard Development were entitled to conduct discovery which may result in disclosure of relevant information.
Accordingly, we agree with the Supreme Court's determination to deny that branch of Monadnock's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it as premature (see Groves v Land's End Hous. Co., 80 NY2d 978, 980; Salameh v Yarkovski, 156 AD3d at 660; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637; cf. Antonyshyn v Tishman Const. Corp., 153 AD3d at 1310).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court