Palamar v State of New York (2020 NY Slip Op 04564)





Palamar v State of New York


2020 NY Slip Op 04564


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02862

[*1]Antonio Palamar, appellant,
v
State of New York, respondent. (Claim No. 128021)


Roy L. Silverberg (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Smith Sovik Kendrick & Sugnet P.C., Syracuse, NY (Daniel R. Ryan of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated December 18, 2018. The order, insofar as appealed from, denied the claimant's cross motion for summary judgment on the issue of liability on so much of the claim as alleged a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The claimant allegedly sustained personal injuries when he fell from a crossbeam while performing sandblasting work on a bridge owned by the State of New York. The claimant subsequently commenced this claim to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). The defendant moved for summary judgment dismissing the claim, and the claimant cross-moved for summary judgment on the issue of liability on so much of the claim as alleged a violation of Labor Law § 240(1). The Court of Claims, among other things, denied the claimant's cross motion. The claimant appeals.
" Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 768, quoting McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "To impose liability pursuant to Labor Law § 240(1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (Nunez v City of New York, 100 AD3d 724, 724 [internal quotation marks omitted]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)" (Treu v Cappelletti, 71 AD3d 994, 997; see Loretta v Split Dev. Corp., 168 AD3d 823, 824).
Here, the claimant established his prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the claim as alleged a violation of Labor Law § 240(1) by submitting evidence that he fell from a crossbeam and onto a work platform below, and that the failure to provide him with an adequate safety device proximately caused his injuries. In opposition, however, the respondent raised a triable issue of fact as to the manner in which the accident occurred and whether the claimant's own actions were the sole proximate cause of the accident (see Loretta [*2]v Split Dev. Corp., 168 AD3d at 825; Corchado v 5030 Broadway Props., LLC, 103 AD3d at 769). Accordingly, we agree with the Court of Claims' determination to deny the claimant's cross motion for summary judgment on the issue of liability on so much of the claim as alleged a violation of Labor Law § 240(1).
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court