Mogrovejo v HG Hous. Dev. Fund Co., Inc. (2022 NY Slip Op 04299)

Mogrovejo v HG Hous. Dev. Fund Co., Inc.

2022 NY Slip Op 04299

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08050
 (Index No. 712607/16)

[*1]Mateo Mogrovejo, appellant, 
v
HG Housing Development Fund Company, Inc., et al., respondents (and a third-party action).

Oresky & Associates, PLLC (John J. Nonnenmacher and Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Michael R. Schneider of counsel), for respondents HG Housing Development Fund Company, Inc., Highland Green Residence, LLC, D & F Development Group, LLC, and D & F Construction Group, Inc.
O'Toole Scrivo, LLC, New York, NY (Sean Callahan and Joseph E. Hopkins of counsel), for respondent South Ocean Custom Framing Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated June 13, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
On July 22, 2015, the plaintiff, who was employed by the third-party defendant Nivelo's Construction Corp. (hereinafter Nivelo), was performing framing work on a building under construction in Melville (hereinafter the property). The plaintiff allegedly was injured when he stepped on an unsecured wooden beam, which flipped over and fell out from underneath him, causing him to fall from a height of approximately 15 feet to the floor below. The defendant HG Housing Development Fund Company, Inc. (hereinafter HG Housing), as nominee for the defendant Highland Green Residence, LLC (hereinafter Highland Green), owned the property. The defendant D & F Construction Group, Inc. (hereinafter D & F Construction), was the general contractor for the project. D & F Construction entered into a subcontract with the defendant South Ocean Custom Framing Corp. (hereinafter South Ocean), which in turn subcontracted with Nivelo.
In 2016, the plaintiff commenced this action against HG Housing, Highland Green, D & F Development Group, LLC, D & F Construction, and South Ocean, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). In February 2018, South Ocean [*2]commenced a third-party action against Nivelo for, inter alia, indemnification and contribution.
In December 2018, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. While the plaintiff's motion was pending, Nivelo interposed an answer to the third-party complaint. On January 15, 2019, the parties entered into a stipulation whereby they agreed, inter alia, that the deposition of Nivelo would be held on or before March 14, 2019.
The defendants opposed the plaintiff's motion for summary judgment, arguing, inter alia, that it was premature because a representative of Nivelo had not yet been deposed. The defendants submitted, inter alia, the transcript of the deposition of Daniel Roalef, a representative of South Ocean, in which he testified that he had not been at the construction site for approximately two to three weeks prior to the plaintiff's alleged accident. Roalef further testified that Nivelo was responsible for providing safety harnesses to its workers and there were tie-off points on the site. When asked if he "ever" saw Nivelo workers wearing lanyards and safety harnesses, Roalef responded "yes." Based on this testimony, the defendants contended that the deposition of a Nivelo representative was relevant to the issue of whether the plaintiff was provided with a safety harness, and if so, whether the plaintiff's failure to use the safety harness was the sole proximate cause of his accident.
By order dated June 13, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Labor Law § 240[1]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513). The legislative purpose behind this enactment is to protect workers by placing the ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from an accident (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Rocovich v Consolidated Edison Co., 78 NY2d at 513; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520).
"To impose liability pursuant to Labor Law § 240(1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (Tama v Gargiulo Bros., Inc., 61 AD3d 958, 960; see Palamar v State of New York, 186 AD3d 722, 722). "Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8).
Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action by submitting a transcript of his deposition testimony, his affidavit, and an affidavit from his coworker who witnessed the accident. This evidence established that the defendants failed to provide the plaintiff with adequate safety devices, as required by Labor Law § 240(1), and that this failure was a proximate cause of the accident (see Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310; Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 986; Henry v Eleventh Ave., L.P., 87 AD3d 523, 524; Lantry v Parkway Plaza, 284 AD2d 697, 698).
In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contentions, they failed to demonstrate that the plaintiff's motion was premature. "'A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 83, quoting Cajas-Romero v Ward, 106 AD3d 850, 852; see Castro v Rodriguez, 176 AD3d 1031, 1033). Here, the defendants' contention that the deposition of a Nivelo [*3]representative might yield evidence that the plaintiff was supplied with a safety harness and that his alleged failure to use it was the sole proximate cause of the accident was speculative, as Roalef did not witness the plaintiff's accident, had not been at the construction site for two to three weeks prior to the plaintiff's accident, and did not give any indication as to when he observed Nivelo workers wearing safety harnesses (see Mayorga v 75 Plaza LLC, 191 AD3d 606, 606; Guaman v Ansley & Co., LLC, 135 AD3d 492, 492; Singh v New York City Hous. Auth., 177 AD3d 475, 476; Sarata v Metropolitan Transp. Auth., 134 AD3d 1089, 1093; cf. Antonyshyn v Tishman Constr. Corp., 153 AD3d at 1310). Further, the plaintiff's coworker, who also was a Nivelo employee and who witnessed the accident, averred that neither he nor the plaintiff was provided with a safety harness or any fall protection. In addition, the record shows that the defendants had a reasonable opportunity to pursue discovery from Nivelo, and they have not shown that they were diligent in pursuing that discovery (see Singh v New York City Hous. Auth., 177 AD3d at 476; Jobson v SM Livery, Inc., 175 AD3d 1510, 1512; Espinoza v Fowler-Daley Owners, Inc., 171 AD3d 480, 480; Kuhn v Camelot Assn., Inc., 82 AD3d 1704, 1705; Sasson v Setina Mfg. Co., Inc., 26 AD3d 487, 488; Mitchell v Atlas Copco N. Am., 307 AD2d 635, 636; cf. Bustillo v Tuckahoe Dev., 300 AD2d 272, 273).
Contrary to South Ocean's further contention, it is liable under Labor Law § 240(1) as a statutory agent of the owner or general contractor, since it had the authority to supervise and control the particular work in which the plaintiff was engaged at the time of his injury (see Walls v Turner Constr. Co., 4 NY3d 861, 864; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318; Eliassian v G.F. Constr., Inc., 163 AD3d 528, 529-530; Van Blerkom v America Painting, LLC, 120 AD3d 660, 661; Gallagher v Resnick, 107 AD3d 942, 945; Inga v EBS N. Hills, LLC, 69 AD3d 568, 569-570; Miller v Yeshiva Zichron Mayir Gedola, 44 AD3d 1017, 1017-1018). Once South Ocean became such an agent, it could not escape liability by delegating its work to another entity (see Inga v EBS N. Hills, LLC, 69 AD3d at 570; Tomyuk v Junefield Assoc., 57 AD3d 518, 521; Nasuro v PI Assoc., LLC, 49 AD3d 829, 830-831; McGlynn v Brooklyn Hosp.-Caledonian Hosp., 209 AD2d 486, 486; cf. Mora v Nakash, 118 AD3d 964, 966).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court