**Mata v Plaza Constr. LLC**

2024 NY Slip Op 33055(U)

August 30, 2024

Supreme Court, New York County

Docket Number: Index No. 158863/2019

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DEBRA A. JAMES**

PART **59**

*Justice*

-----------------------------------------------------------------------------X

MARIEN P. MATA,

                               Plaintiff,

                   - v -

PLAZA CONSTRUCTION LLC, 54M 33W 37 LLC, JOHN DOE BUSINESS ENTITY, and JOHN DOE,

                               Defendants.

-----------------------------------------------------------------------------X

54M 33W 37 LLC,

                 Third-Party Plaintiff,

           -against-

PLAZA CONSTRUCTION LLC,

                 Third-Party Defendant.

-----------------------------------------------------------------------------X

PLAZA CONSTRUCTION LLC,

                 Second Third-Party Plaintiff,

           -against-

MASPETH WELDING, INC., LEED MECHANICAL CORP., J.P. PHILLIPS, INC., and P.E. STONE, INC.,

                 Second Third-Party Defendants.

-----------------------------------------------------------------------------X

MASPETH WELDING, INC.,

                 Third Third-Party Plaintiff,

           -against-

ANVIL IRONWORKS, INC.

                 Third Third-Party Defendant.

-----------------------------------------------------------------------------X

**INDEX NO.**    158863/2019

**MOTION DATE**    08/12/2022

**MOTION SEQ. NO.**    001 003 004 005

## DECISION + ORDER ON MOTION

Third-Party
Index No. 595670/2020
(TP Action discontinued per Stipulation dated September 16, 2020 (NYSCEF Document Number 022)

Second Third-Party
Index No. 595003/2021

Third Third-Party
Index No. 595291/2021

158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC
Motion No.  001 003 004 005

Page 1 of 9

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 95

were read on this motion to/for _____DISCOVERY_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 143, 144, 197, 198, 199, 235

were read on this motion to/for _____DISCOVERY_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 196, 200, 202, 203, 204, 223, 224, 225, 226, 227, 228, 230, 231

were read on this motion to/for _____JUDGMENT - SUMMARY_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 229, 232, 233, 234, 274

were read on this motion to/for _____JUDGMENT - SUMMARY_____ .

## ORDER

Upon the foregoing documents, it is

ORDERED that the motion of the defendant 54M 33 W 37 LLC to compel plaintiff to respond to discovery demands (motion sequence number 001) is dismissed as moot, as per the affirmation dated July 27, 2020, of plaintiff's counsel stating that the demanded discovery has been produced (NYSCEF Document No. 019, which moving defendant has not denied); and it is further

ORDERED that the motion of the second third-party defendant P.E. Stone Inc. to compel the second third party plaintiff Plaza Construction LLC to respond to discovery responses (motion sequence number 003) is withdrawn, as per the letter dated April 20,2022 of movant's counsel (NYSCEF Document No. 144); and it is further

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 2 of 9**

2 of 9

ORDERED that the cross motion of plaintiff to strike the answer or to preclude the testimony of defendants Plaza Construction LLC and 543 W 37 LLC and of second third party defendants Maspeth Welding Corp, Leed Mechanical Corp, JR Phillips Inc and P.E. Stone Inc. for their failure to respond to discovery demands is dismissed as withdrawn as against defendants Plaza Construction LLC and 543 W 37 LLC, and second third party defendants, JR Phillips Inc and P.E. Stone Inc., and Leed Mechanical Corp., and denied as to second third party defendant Maspeth Welding Corp.; and it is further

ORDERED that the motions for summary judgment of second third-party defendants J.P. Phillips, Inc. (motion sequence number 004), and P.E. Stone, Inc. (motion sequence number 005) are granted, and the second third-party complaint as against them is dismissed; and it is further

ORDERED that the cross-claims of the second third-party defendants Maspeth Welding Inc., Leed Mechanical Corp., against second third-party defendants J.P. Phillips, Inc. and P.E. Stone, Inc., and of J.P. Phillips, Inc. and P.E. Stone, Inc., against either other, are dismissed; and it is further

ORDERED that the second third party claims and cross-claims against second third-party defendants Maspeth Welding, Inc. and Leed Mechanical Corp. are severed and, with the balance of the action, shall continue; and it is further

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 3 of 9**

ORDERED that the Clerk of the Court shall enter judgment in favor of second third-party defendants J.P. Phillips, Inc., and P.E. Stone, Inc. dismissing the claims and cross-claims against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the caption shall be amended to reflect the dismissals and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel are directed to post on NYSCEF a proposed discovery status conference order or competing proposed discovery status conference orders at least two days before October 10, 2024 on which date counsel are directed to appear via Microsoft Teams unless such appearance be waived by the court; and it is further

ORDERD that counsel shall post neither demands for discovery nor discovery produced (unless supplemental or amended bills of particulars) on NYSCEF, unless as attachments to meritorious motions for summary judgment or other relief, but shall exchange such documents or other evidence among counsel only, as posting same unnecessarily and improperly clutters the docket.

## DECISION

The plaintiff Marien P. Mata ("Mata") commenced this action to recover damages for injuries, he, as a construction worker,

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 4 of 9**

4 of 9

[* 4]

suffered when he tripped on plywood while working on the rooftop level of a construction project.

In his complaint, Mata alleges that defendant Plaza Construction LLC ("Plaza") was the general contractor for the project, which general contractor engaged third third-party defendant Anvil Ironworks, Inc., the subcontractor that employed Mata. Mata alleges that his injuries arose out of Plaza's negligence, specifically a dangerous condition comprised of an improperly and/or insufficiently fastened plywood.

In its second third-party complaint against the second third-party defendants Maspeth Welding, Inc., Leed Mechanical Corp., J.P. Phillips, Inc. ("JPP"), and P.E. Stone, Inc. ("Stone") (the "2TP Complaint"), Plaza alleges that Mata's injuries were caused by the negligence of such second third-party defendants and seeks inter alia, indemnification and contribution from such 2TP defendants.

JPP and Stone (collectively, the "Movants") each move for summary judgment dismissing the 2TP claims asserted against them, as well as the cross-claims asserted by the other 2TP defendants against them.

In response to JPP's motion for summary judgment, plaintiff cross moves for an order compelling production of discovery within thirty (30) days or striking Plaza's and JPP's answers as well as the answers of 2TP defendants J.P. Phillips, Inc., Maspeth Welding

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 5 of 9**

5 of 9

Inc., Leed Mechanical Corp., or, alternatively, precluding the testimony at trial of each such defendant 2TP defendant for each such party's failure to provide responses to outstanding discovery demands pursuant to CPLR §§ 3124 and 3126(2) and (3).

This court finds that Movants on their summary judgment motions have come forward with requisite evidence to establish their respective entitlements to summary judgment.

Movant JPP submits the photograph of the accident location produced in discovery by Mata. Since plaintiff produced such evidence, as argued by JPP, such photograph is admissible pursuant to CPLR 4540-a. Movant JPP submits the affidavit of its owner and principal, who states that all work that JPP was to perform occurred in the interior of the building, as set forth in its subcontract with Plaza. Such affiant states, in addition, that he worked on the site at least once per week and, therefore, has personal knowledge that JP "never performed and was never hired to perform ay work in the vicinity of the [exterior] rooftop level. (See NYSCEF Document Number 160, para. 6). He also states that "[n]one of [JPP's] tools, equipment, machinery, or materials were stored, delivered, or otherwise place on the rooftop level. (Id, para 9). Such affiant also attests that Plaza's Daily Logs indicate that "[JPP] performed no work on the roof that day." (Id, para. 17).

Movant Stone submits that affidavit of its Project Manager, who attests that on the day of Mata's accident, Stone was working on the installation of the rooftop generator and wiring on the rooftop level in the exterior area, however that such work "never involved the use, installation or removal of any plywood". Stone's Project also states that his review of Plaza's Daily Logs for that week confirms that Stone's work consisted of installation of lights and outlets on the second floor, the relocation of thermal switches in the ADA 1904 fire alarm, as well as the installation of the fans back wiring on the second floor." (See NYSCEF Document No. 220, paras. 5 and 7).

Based on the foregoing, Movants have established, by a fair preponderance of credible evidence that neither are responsible for installation/fastening of the plywood that resulted the Mata's injury. Likewise, a review of their respective subcontracts with Plaza establish that the Movants were retained to perform work that did not involve the installation of plywood. (NYSCEF Documents Nos. 161 and 213).

Plaintiff neither submits any affidavit in opposition to either Movant's application for summary relief or proffers any other evidence that raises any issue of fact with respect to either motion. With respect to JPP's motion, plaintiff cross moves to enforce discovery demands. The court notes that upon the filing of Movants' motions for summary judgment, discovery was

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 7 of 9**

7 of 9

statutorily stayed pursuant to CPLR 3214. Moreover, as plaintiff has withdrawn his cross motion to the extent that it seeks relief against defendants Plaza Construction LLC and 543 W 37 LLC, and second third party defendants, JR Phillips Inc and P.E. Stone Inc., and Leed Mechanical Corp. (see NYSCEF Documents Numbers 196, 200, 202, 223, 228, 230, 231), such cross motion must be dismissed as to same. In any event, such cross motion has been rendered moot to the extent that relief is sought against 2TP defendants JPP and Stone, whose motions for summary dismissal must be granted. Plaintiff may seek whatever discovery production against second third party defendant Maspeth Welding, Inc. by way of a status discovery conference order.

Nor does Plaza raise any triable issues of fact with respect to the Movants' motions. It offers no affidavit or any contradicting evidence. In addition, Plaza's contention that the motion is premature because discovery has not been completed fails because it does not identify any specific evidence that may be potentially uncovered in discovery, which it claims it lacks. See Steinberg v Schnapp, 73 AD3d 171, 177 (1st Dept 2010) (citation omitted):

> 'A grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence'.

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 8 of 9**

8 of 9

[* 8]

See also Antonyshyn v Tishman Const. Corp., 153 AD3d 1308, 1310 (2d Dept 2017):

> A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant.

Plaza has not shown that essential evidence is exclusively within the control of the Movant subtractors, particularly given that it was the general contractor on the project. Nor does it articulate a basis for its contention that testimony or records of additional JPP and Stone onsite personnel are needed.

Lastly, the Movants each establish that they procured an insurance policy in accordance with the terms of their respective agreements with Plaza. (See NYSCEF Documents Numbers 164 and 221). The denial of coverage by the insurer is not a breach of the Movant's respective agreement to procure adequate insurance. See Perez v Morse Diesel Intern., Inc., 10 AD3d 497 (1st Dept 2004).

*[signature]*

20240830152923DJAMESED0EE0AF8E9F4437BCBF85AAB9D731CE

| 8/30/2024 | | | |
|---|---|---|---|
| **DATE** | | **DEBRA A. JAMES, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158863/2019   MATA, MARIEN P. vs. PLAZA CONSTRUCTION LLC**
**Motion No.  001 003 004 005**

**Page 9 of 9**

9 of 9

[* 9]