Rosenblum v City of New York (2024 NY Slip Op 04408)

Rosenblum v City of New York

2024 NY Slip Op 04408

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-02539
 (Index No. 508466/16)

[*1]Yona Rosenblum, respondent, 
v
City of New York, defendant, Abraham S. Haddad, appellant.

Eustace, Prezioso & Yapchanyk, New York, NY (Christopher M. Yapchanyk of counsel), for appellant.
Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Abraham S. Haddad appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated March 16, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint asserted against him.
ORDERED that the order is affirmed, with costs.
On February 23, 2015, the plaintiff allegedly was injured when he slipped and fell on ice on a pedestrian ramp abutting property owned by the defendant Abraham S. Haddad (hereinafter the defendant). The plaintiff commenced two separate actions to recover damages for personal injuries against the City of New York and the defendant, respectively, which were later consolidated. Prior to the completion of discovery, the defendant moved for summary judgment dismissing the complaint asserted against him. The Supreme Court denied the motion as premature, and the defendant appeals.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Malester v Rampil, 118 AD3d 855, 856; see Harrinarain v Sisters of St. Joseph, 205 AD3d 893, 894). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]; Harrinarain v Sisters of St. Joseph, 205 AD3d at 894). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see Salameh v Yarkovski, 156 AD3d at 660).
Here, at the time the defendant moved for summary judgment dismissing the complaint asserted against him, his deposition had not been conducted. Further, the plaintiff demonstrated that discovery might lead to relevant evidence regarding, inter alia, whether the icy condition upon which the plaintiff allegedly slipped and fell was created or exacerbated by snow [*2]removal measures undertaken by the defendant (cf. Herskovic v 515 Ave. I Tenants Corp., 124 AD3d 582). Accordingly, the Supreme Court properly denied the defendant's motion as premature (see Cruz v Fanoush, 214 AD3d 703, 703-704; Salameh v Yarkovski, 156 AD3d at 660).
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court