Litchmore v Manan (2024 NY Slip Op 05968)

Litchmore v Manan

2024 NY Slip Op 05968

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-10850
 (Index No. 56893/23)

[*1]Jermaine Litchmore, appellant, 
v
Luigi A. Manan, et al., respondents.

Ikhilov & Associates, Brooklyn, NY (Erik Ikhilov of counsel), for appellant.
Milber Makris Plousadis & Seiden LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated November 15, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability with leave to renew upon the completion of discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when his vehicle collided with the defendants' vehicle at an intersection in Westchester County. In an order dated November 15, 2023, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability with leave to renew upon the completion of discovery. The plaintiff appeals.
"A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Cruz v Fanoush, 214 AD3d 703, 703 [internal quotation marks omitted]; see Diller v Mirto, 211 AD3d 912, 913). "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]).
Here, the plaintiff moved, among other things, for summary judgment on the issue of liability before any discovery was conducted. Moreover, the affidavit of the plaintiff submitted in support of the motion and the affidavit of the defendant Luigi A. Manan submitted in opposition to the motion demonstrated that discovery might lead to relevant evidence pertaining to Manan's liability. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability with leave to renew upon the completion of discovery (see CPLR 3212[f]; Salameh v Yarkovski, 156 AD3d at 660).
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court